NO. 07-02-0499-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 18, 2003


______________________________



JERRY V. LEWIS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2002-479,191; HON. DRUE FARMER, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Jerry V. Lewis was convicted of misdemeanor assault. In the complaint,
the State accused him of intentionally, knowingly, and recklessly causing bodily injury to
Sharon Hollabaugh by pulling her hair and by striking her with his hand. However, the
trial court charged the jurors that they could find him guilty if they concluded, beyond
reasonable doubt, that he intentionally, knowingly, and recklessly caused her bodily injury
by pulling her hair or by striking her with his hand. Furthermore, the jury returned a
general verdict of guilty; that is, it was not asked to nor did it specify if the assault occurred
via the pulling of hair or by the striking with hand. Three issues are asserted on appeal. 
The first involves the trial court's refusal to grant appellant a directed verdict as to the
allegation that he caused her to suffer bodily injury by pulling Sharon's hair. The second
concerns the legal and factual sufficiency of the evidence underlying the jury's verdict of
guilt; the evidence was allegedly insufficient because the State failed to prove that "the
pulling of the complaining witness['] hair . . . caused . . . bodily injury." And, the third issue
involves the trial court's decision to submit the question of guilt via a general verdict when
there allegedly was no evidence that appellant committed bodily injury by pulling Sharon's
hair. We affirm the judgment.

Issues One and Two


 As previously mentioned, appellant contends through his first two issues that the
trial court should have granted him an instructed verdict as to the allegation that he caused
bodily injury by pulling the victim's hair and that the evidence is legally and factually
insufficient to sustain a verdict that he caused bodily injury via the pulling of hair. 
Moreover, each contention is grounded upon the belief that there was no bodily injury
because there was no evidence that Sharon suffered pain when her hair was pulled. We
overrule the issues.

 Standard of Review

 A challenge to a trial court's ruling on a motion for instructed verdict is a challenge
to the legal sufficiency of the evidence to support the conviction. Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954, 111 S.Ct. 1432, 113
L.Ed.2d 483 (1991); Horne v. State, 46 S.W.3d 391, 393 (Tex. App.--Fort Worth 2001, pet.
ref'd). Thus, we review the propriety of the trial court's decision by assessing the legal
sufficiency of the evidence.

 Next, the standards by which we review the sufficiency of the evidence supporting
the jury's verdict are well established and need not be reiterated. Instead, we cite the
parties to Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); Zuliani v. State, 97 S.W.3d 589,
593-94 (Tex. Crim. App. 2003); and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App.
2000) for their explanation. 

 Next, one may commit assault in several ways. The method implicated here is
described at §22.01(a)(1) of the Texas Penal Code. A crime is committed under that
section when a person intentionally, knowingly, or recklessly causes bodily injury to
another. Tex. Pen. Code Ann. §22.01(a)(1) (Vernon 2003). Furthermore, bodily injury
means "physical pain, illness, or any impairment of physical condition." Id. at §1.07(a)(8). 

In assessing whether the State has proven that the accused caused another physical pain,
we must remember that "people of common intelligence [such as jurors] do understand
pain and some of the natural causes of [it] . . . ." Wawrykow v. State, 866 S.W.2d 96, 99
(Tex. App.-Beaumont 1993, pet. ref'd). So too are they free to use their common sense
and apply their common knowledge, observations, and experience gained in the ordinary
affairs of life to draw reasonable inferences about whether or not an act results in pain. 
Id. Consequently, the victim of an assault need not expressly testify that he suffered pain
at the hands of the accused before the jury can reasonably infer the existence of pain. Id. 
The factual circumstances of the particular case coupled with the jury's common
intelligence, knowledge, sense, observation, and experience need only allow it to so infer,
beyond reasonable doubt. 

 Finally, it is clear that the State may allege alternative ways in which a particular
crime has been committed by joining them conjunctively in the charging instrument.
Krebsbach v. State, 962 S.W.2d 728, 731 (Tex. App.--Amarillo 1998, pet. ref'd). It is
equally true that even though they were alleged in the conjunctive in the charging
instrument, the alternate theories may be presented in the disjunctive to the jury via the
jury charge. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991), cert. denied,
504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). And, if the theories are submitted
in the disjunctive to the jury, the latter may lawfully return a general verdict if the evidence
is sufficient to support a finding of guilt under any of the theories submitted. Brooks v.
State, 990 S.W.2d 278, 283 (Tex. Crim. App.), cert. denied, 528 U.S. 956, 1205 S.Ct. 384,
145 L.Ed.2d 300 (1999); Kitchens v. State, 823 S.W.2d at 258.

 Application of Standard

 Here, the State initially accused appellant of assaulting Sharon by pulling her hair
and striking her. However, the alternate theories were presented to the jury in the
disjunctive, and the trial court solicited a general verdict from it. Appellant does not
dispute the trial court's authority to do so. Nor does he question whether the evidence was
sufficient to sustain the conviction upon the theory that he caused Sharon to suffer bodily
injury, or pain, by striking her with his hand. Indeed, he may have opted to forego such
an attack because evidence appears of record illustrating that he not only struck Sharon
in the face with his hand or fist but also that the blow "hurt" and left welts. In short, the
evidence was both legally and factually sufficient to support conviction upon the theory of
assault by striking, and because it was, the rules espoused in Kitchens and Brooks (which
we note above) were satisfied. 

 Nevertheless, there also appears of record that appellant pulled Sharon's hair
during the setto with appellant. Indeed, the officer who first spoke with her testified that
she told him that appellant "pulled her from his truck by her hair." (1) Whether pain arises
from being pulled by the hair from a truck falls within the realm of a jury's common
intelligence and understanding of pain and its causes. (2) So too is it rational for a jury to
conclude, beyond reasonable doubt, that such an act causes the victim to suffer pain and,
therefore, bodily injury. Consequently, the jury's finding appellant guilty of assault by also
pulling Sharon's hair in such an aggressive manner would also enjoy the support of legally
sufficient evidence. As to the factual sufficiency of the evidence supporting a verdict of
guilty on that ground, we acknowledge Sharon's trial testimony that appellant did not pull
her hair. Thus, her testimony contradicts what she told the officer immediately after the
altercation occurred. Yet, we cannot ignore her other testimony that she "loved" appellant,
had intimate relations with him the day before trial, and did not want to see anything "bad"
happen to him. Thus, a jury reasonably could have perceived her as having motive to
modify her trial testimony to protect her loved one. At the very least, the veracity of her
trial testimony and her credibility was something for the jury to assess. And, that the jurors
may have opted to credit what the officer told them would not render the verdict manifestly
unjust or clearly erroneous when the verdict is tested against the entire record.

 In sum, the evidence is both legally and factually sufficient to support the verdict
under either theory of assault submitted to the jury. Thus, the general verdict of the jury
was quite lawful. And, in view of this, we may summarily dispose of appellant's third issue. 
This is so because it is founded upon the premise that no evidence or factually insufficient
evidence exists to support appellant's conviction for assault by the pulling of hair. Given
that the premise is wrong, the contention has no foundation. Since the contention lacks
foundation, we overrule the issue. 

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice

 

Do not publish.

 
1. Appellant does not contest the admission of this evidence on appeal.
2. One need only reach up and tug on their scalp to test this, assuming one is not "follicularly
challenged."



n by the defendant. Page
v. State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006). Yet, even if relevant, the evidence
may be excluded under Rule 403 if its probative value is substantially outweighed by its
propensity to cause undue prejudice or confusion. Casey v. State, 215 S.W.3d 870, 879
(Tex. Crim. App. 2007). 
          In cross-examining Wilson, appellant asked him about whether he knew if
appellant’s name was incorrect in the indictment, when he first identified appellant, whether
he had the narcotics passed during the sale checked for fingerprints, whether he had a
photograph of appellant, why appellant was not arrested at the time of the transaction in
question, and how many drug deals Wilson had made in the last several years.


 These
inquiries raised the issue of whether the officer remembered and could identify the person
involved in this particular drug transaction. See Smith v. State, 211 S.W.3d 476, 479 (Tex.
App.–Amarillo 2006, no pet.) (stating that by attempting to discredit the testimony of the
confidential informant and the police officer identifying the defendant as the seller, the
defendant put the issue of identity into play).
          Additionally, the questions propounded by appellant raised the suggestion that the
officer’s contact with appellant was limited to one instance when in fact the instances were
several. So, because the officer’s ability to identify appellant as the seller was in dispute,
the extraneous offenses tended to illustrate more than a passing acquaintance between
the officer and appellant, and because the nature of the relationship and the interaction
between the two bolstered the inference that the officer could identify appellant, the
evidence was admissible under Rule 404(b). 
          While it may be true that before evidence of an extraneous offense can be used to
establish identity, the extraneous offenses must be so similar to the offense charged that
the offenses may be marked as the accused’s handiwork, Lane v. State, 933 S.W.2d 504,
519 (Tex. Crim. App. 1996), however, appellant did not object to the evidence on that
basis. Having failed to do so, that ground was waived. See Sharp v. State, 210 S.W.3d
835, 839 (Tex. App.–Amarillo 2006, no pet.) (stating that when a particular ground went
unmentioned below, it is not preserved for review).


 
          As for appellant’s contention that the relevance of the evidence was substantially
outweighed by its alleged prejudice, we consider four factors when determining if this was
true. The first is whether the evidence compellingly made a fact of consequence more or
less probable. Next, we assess the potential to which the evidence could impress the jury
in some irrational, yet indelible, way. Then we consider the amount of time spent
developing the evidence. Finally, the State’s need for the evidence must also be weighed. 
Lane v. State, 933 S.W.2d at 520. 
          Again, we note that identity was at issue, the evidence in question tended to show
that the witness had the opportunity to observe and listen to appellant on more than one
occasion, the trial court instructed the jury to only consider the evidence for purposes of
determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident, and the testimony took up only five pages of the trial transcript. We
further note that it tended to rebut the insinuation raised by appellant that he had not
engaged in drug activity before. Given these circumstances, we opine that the trial court’s
implicit conclusion that the probative value of the evidence was not substantially
outweighed by its prejudicial effect fell within the zone of reasonable disagreement. So,
admitting it did not evince an instance of abused discretion. 
          Accordingly, appellant’s issues are overruled, and the judgment is affirmed.
 
                                                                           Per Curiam
 
Do not publish.