NO. 07-02-0499-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2003
_____

JERRY V. LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2002-479,191; HON. DRUE FARMER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Jerry V. Lewis was convicted of misdemeanor assault. In the complaint, the State accused him of intentionally, knowingly, and recklessly causing bodily injury to Sharon Hollabaugh by pulling her hair *and* by striking her with his hand. However, the trial court charged the jurors that they could find him guilty if they concluded, beyond reasonable doubt, that he intentionally, knowingly, and recklessly caused her bodily injury by pulling her hair *or* by striking her with his hand. Furthermore, the jury returned a general verdict of guilty; that is, it was not asked to nor did it specify if the assault occurred

via the pulling of hair or by the striking with hand. Three issues are asserted on appeal. The first involves the trial court's refusal to grant appellant a directed verdict as to the allegation that he caused her to suffer bodily injury by pulling Sharon's hair. The second concerns the legal and factual sufficiency of the evidence underlying the jury's verdict of guilt; the evidence was allegedly insufficient because the State failed to prove that "the pulling of the complaining witness['] hair . . . caused . . . bodily injury." And, the third issue involves the trial court's decision to submit the question of guilt via a general verdict when there allegedly was no evidence that appellant committed bodily injury by pulling Sharon's hair. We affirm the judgment.

### Issues One and Two

As previously mentioned, appellant contends through his first two issues that the trial court should have granted him an instructed verdict as to the allegation that he caused bodily injury by pulling the victim's hair and that the evidence is legally and factually insufficient to sustain a verdict that he caused bodily injury via the pulling of hair. Moreover, each contention is grounded upon the belief that there was no bodily injury because there was no evidence that Sharon suffered pain when her hair was pulled. We overrule the issues.

*Standard of Review*

A challenge to a trial court's ruling on a motion for instructed verdict is a challenge to the legal sufficiency of the evidence to support the conviction. *Madden v. State,* 799 S.W.2d 683, 686 (Tex. Crim. App. 1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991); *Horne v. State,* 46 S.W.3d 391, 393 (Tex. App.--Fort Worth 2001, pet.

2

ref'd). Thus, we review the propriety of the trial court's decision by assessing the legal sufficiency of the evidence.

Next, the standards by which we review the sufficiency of the evidence supporting the jury's verdict are well established and need not be reiterated. Instead, we cite the parties to *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sims v. State,* 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003); and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for their explanation.

Next, one may commit assault in several ways. The method implicated here is described at §22.01(a)(1) of the Texas Penal Code. A crime is committed under that section when a person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PEN. CODE ANN. §22.01(a)(1) (Vernon 2003). Furthermore, bodily injury means "physical pain, illness, or any impairment of physical condition." *Id.* at §1.07(a)(8). In assessing whether the State has proven that the accused caused another physical pain, we must remember that "people of common intelligence [such as jurors] do understand pain and some of the natural causes of [it] . . . ." *Wawrykow v. State*, 866 S.W.2d 96, 99 (Tex. App.–Beaumont 1993, pet. ref'd). So too are they free to use their common sense and apply their common knowledge, observations, and experience gained in the ordinary affairs of life to draw reasonable inferences about whether or not an act results in pain. *Id.* Consequently, the victim of an assault need not expressly testify that he suffered pain at the hands of the accused before the jury can reasonably infer the existence of pain. *Id.* The factual circumstances of the particular case coupled with the jury's common

3

intelligence, knowledge, sense, observation, and experience need only allow it to so infer, beyond reasonable doubt.

Finally, it is clear that the State may allege alternative ways in which a particular crime has been committed by joining them conjunctively in the charging instrument. *Krebsbach v. State,* 962 S.W.2d 728, 731 (Tex. App.--Amarillo 1998, pet. ref'd). It is equally true that even though they were alleged in the conjunctive in the charging instrument, the alternate theories may be presented in the disjunctive to the jury via the jury charge. *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex. Crim. App. 1991), *cert. denied,* 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). And, if the theories are submitted in the disjunctive to the jury, the latter may lawfully return a general verdict if the evidence is sufficient to support a finding of guilt under any of the theories submitted. *Brooks v. State*, 990 S.W.2d 278, 283 (Tex. Crim. App.), *cert. denied,* 528 U.S. 956, 1205 S.Ct. 384, 145 L.Ed.2d 300 (1999); *Kitchens v. State,* 823 S.W.2d at 258.

*Application of Standard*

Here, the State initially accused appellant of assaulting Sharon by pulling her hair *and* striking her. However, the alternate theories were presented to the jury in the disjunctive, and the trial court solicited a general verdict from it. Appellant does not dispute the trial court's authority to do so. Nor does he question whether the evidence was sufficient to sustain the conviction upon the theory that he caused Sharon to suffer bodily injury, or pain, by striking her with his hand. Indeed, he may have opted to forego such an attack because evidence appears of record illustrating that he not only struck Sharon in the face with his hand or fist but also that the blow "hurt" and left welts. In short, the

4

evidence was both legally and factually sufficient to support conviction upon the theory of assault by striking, and because it was, the rules espoused in *Kitchens* and *Brooks* (which we note above) were satisfied.

Nevertheless, there also appears of record that appellant pulled Sharon's hair during the setto with appellant. Indeed, the officer who first spoke with her testified that she told him that appellant "pulled her from his truck by her hair."[1] Whether pain arises from being pulled by the hair from a truck falls within the realm of a jury's common intelligence and understanding of pain and its causes.[2] So too is it rational for a jury to conclude, beyond reasonable doubt, that such an act causes the victim to suffer pain and, therefore, bodily injury. Consequently, the jury's finding appellant guilty of assault by also pulling Sharon's hair in such an aggressive manner would also enjoy the support of legally sufficient evidence. As to the factual sufficiency of the evidence supporting a verdict of guilty on that ground, we acknowledge Sharon's trial testimony that appellant did not pull her hair. Thus, her testimony contradicts what she told the officer immediately after the altercation occurred. Yet, we cannot ignore her other testimony that she "loved" appellant, had intimate relations with him the day before trial, and did not want to see anything "bad" happen to him. Thus, a jury reasonably could have perceived her as having motive to modify her trial testimony to protect her loved one. At the very least, the veracity of her trial testimony and her credibility was something for the jury to assess. And, that the jurors

---

[1]Appellant does not contest the admission of this evidence on appeal.

[2]One need only reach up and tug on their scalp to test this, assuming one is not "follicularly challenged."

5

may have opted to credit what the officer told them would not render the verdict manifestly unjust or clearly erroneous when the verdict is tested against the entire record.

In sum, the evidence is both legally and factually sufficient to support the verdict under either theory of assault submitted to the jury. Thus, the general verdict of the jury was quite lawful. And, in view of this, we may summarily dispose of appellant's third issue. This is so because it is founded upon the premise that no evidence or factually insufficient evidence exists to support appellant's conviction for assault by the pulling of hair. Given that the premise is wrong, the contention has no foundation. Since the contention lacks foundation, we overrule the issue.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice


Do not publish.