**Komlanvi EDOH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00295–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 25, 2007.

Jules L. Laird, Jr., The Law Office of Jules L. Laird, Jr., Houston, TX, for appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Carol M. Cameron, Assistant District Attorney, Houston, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Komlanvi Edoh, appeals from a judgment convicting him of sexual assault. *See* TEX. PEN.CODE ANN. § 22.011 (Vernon Supp.2006). Appellant pleaded not guilty to the jury. The jury found appellant guilty and assessed punishment at 11 years in prison. In four issues, appellant contends the evidence is legally and factually insufficient because complainant's testimony was not credible, and the evidence failed to prove appellant used force during the offense. We conclude the evidence is legally and factually sufficient to support the conviction. We affirm.

## Background

Complainant is appellant's daughter. Complainant moved to America from Togo, West Africa, with appellant, her step-mother, and her step-mother's children. Complainant was afraid of appellant, who often "beat" her by slapping her with enough force to cause bruises.

On October 30, 2003, when complainant was 19 years old, she stayed home from school because she had bad cramps. Appellant called complainant into his bedroom and told her that she would feel better if she would have sex with him. Complainant verbally refused.

As complainant tried to leave, appellant grabbed complainant's arm. Appellant pulled complainant down onto a blanket. As complainant struggled to get away, appellant removed her clothes. Without consent, appellant penetrated complainant's female sexual organ with his male sexual organ. Complainant said that she was afraid of appellant, who told her if she "ever told anybody about it he would kill [her]." In explaining why she did not want to have sex with appellant, complainant said that she does not "think a father should be having sex with their [sic] own daughter."

Complainant did not initially report the assault, but reported it after a teacher noticed something was wrong. Complainant learned that she was pregnant after she was taken in by a shelter. Detective Gustafson of the Harris County Sheriff's Department began an investigation, interviewing complainant at the shelter and obtaining saliva samples from appellant, complainant, and complainant's baby after the baby was born. A forensic DNA analyst for the Medical Examiner's Office generated DNA profiles for appellant,

complainant, and the baby. Based on the results of the tests, it was determined with 99.9 percent certainty that appellant is the father of the baby.

In his trial testimony, appellant denied beating complainant, denied having sexual intercourse with her, and denied that he was the biological father of the child. Claiming that he did not hurt her, appellant insisted that his slapping of complainant was discipline. Appellant testified that complainant was lying about both the sexual assault and physical abuse.

Appellant's daughter and complainant's step-sister, Amivi Edoh, testified that appellant would slap complainant in the face when complainant did something bad. However, Amivi never saw bruises on complainant. Amivi also said appellant treated all of his children the same.

Appellant's wife and complainant's step-mother, Evabla Edoh, testified that appellant was never home alone with complainant. Evabla believed that complainant was lying and that appellant could not be the father of the baby.

## Standards of Review for Sufficiency of the Evidence

In assessing legal sufficiency, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that the accused committed all essential elements of the offense. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim.App.2000). In conducting our review of the legal sufficiency of the evidence, we do not reevaluate the weight and credibility of the evidence, but ensure only that the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

When conducting a factual sufficiency review, we view all of the evidence in a neutral light. *Ladd v. State,* 3 S.W.3d 547, 557 (Tex.Crim.App.1999). We will set aside the verdict only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State,* 23 S.W.3d 1, 10–11 (Tex.Crim.App.2000). Under the first prong of *Johnson,* we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State,* 204 S.W.3d 404, 417 (Tex.Crim.App.2006). Under the second prong of *Johnson,* we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id.* Before finding that evidence is factually insufficient to support a verdict under the second prong of *Johnson,* we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* In conducting a factual sufficiency review, we must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003). The jury is in the best position to evaluate the credibility of witnesses, and we are required in our factual sufficiency review to afford "due deference" to the jury's determinations. *Marshall v. State,* 210 S.W.3d 618, 625 (Tex.Crim.App.2006).

## Physical Force and Threats

In his third and fourth issues, appellant contends that the evidence is legally and factually insufficient because "the State failed to prove that physical force and threats were used during the alleged of-

fense, as set out in the indictment." Appellant acknowledges on appeal that the "complainant testified that appellant grabbed her and forced her to have sexual intercourse." However, appellant contends that the evidence is insufficient due to a failure to show that he "grabbed her with such force and strength that would compel her to submit to his will."

## A. Applicable Law to Prove Sexual Assault

■ As alleged in the indictment, a person commits sexual assault if the person "causes the penetration of the ... sexual organ of another person by any means, without consent." *See* TEX. PEN.CODE ANN. § 22.011(a)(1)(A). A sexual assault is without consent if "the actor compels the other person to submit or participate by the use of physical force or violence." *See id.* § 22.011(b)(1).[1] "There is no requirement that a certain amount of force be used, only that it is used." *Gonzales v. State*, 2 S.W.3d 411, 415 (Tex.App.-San Antonio 1999, no pet.).

## B. Legal Sufficiency Analysis

■ Viewing the evidence in the light most favorable to the verdict, the evidence shows that complainant testified that she is "always afraid" of appellant because he was "bigger than everybody," including her. Complainant said that to "just look

at him" makes her scared. Complainant specifically testified that appellant "grabbed [her] arm while [she] was trying to leave and pulled [her] back." Complainant also expressly said that "at the time" she was afraid of appellant. When asked why she was afraid of appellant, complainant said "because he told [her] that if [she] ever told anybody about it he would kill [her]."[2] We conclude that the evidence viewed in a light most favorable to the verdict shows that a rational juror could have found beyond a reasonable doubt that appellant used force by pulling complainant down when he grabbed her arm and forced her to have sexual intercourse with him without her consent. *Horne v. State*, 46 S.W.3d 391, 394 (Tex. App.-Fort Worth 2001, pet. ref'd) (holding that evidence was legally sufficient where defendant pinned complainant down); *Gonzales*, 2 S.W.3d at 415 (holding that evidence was legally sufficient where defendant laid complainant down on couch and lay on top of her and complainant was unable to get free because of assailant's size). We hold the evidence is legally sufficient to prove appellant used force that caused complainant to submit to him. We overrule appellant's third issue.

## C. Factual Sufficiency Analysis

■ Appellant does not point out any evidence that he presented that conflicts

---

1. The indictment alleged the appellant "on or about October 30, 2003, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of [complainant] by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant, without the consent of the Complainant, namely [appellant] compelled the Complainant to submit and participate by the use of physical force and violence." We do not reach appellant's challenge of the evidence of threats by appellant because he was not charged with sexual assault by threat.

2. Complainant testified as follows:

Q: So let's just talk about October.
A: Okay.
Q: Huh, and during the actual act that we were just talking about, okay, huh, you said that you were afraid?
A: Uh-huh.
Q: And you told me that he forced you. Why were you afraid?
A: Is it because he told me that if I ever told anybody about it he would kill me, that's why I didn't tell anybody 'til I found out I was pregnant.

with complainant's testimony about the use of force. At trial, appellant gave a blanket denial that he had sexual intercourse with complainant and that the child that was born was his. Appellant did not, however, specifically challenge complainant's version of the events concerning the use of force. Complainant's testimony that appellant grabbed her arm, pulled her down on the blanket, and had sexual intercourse without her consent is sufficient to show that appellant used force that caused complainant to submit to him. *See Gonzales*, 2 S.W.3d at 415 (holding that evidence was factually sufficient where complainant testified that assailant " 'threw' or 'laid' her back on the couch ... then laid [sic] on top of her preventing her from moving"). We conclude that viewing the evidence neutrally, the evidence is not so weak as to render the verdict clearly wrong and manifestly unjust, and the verdict is not against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 11. We hold that the evidence is factually sufficient to prove appellant used force to cause complainant to submit to him. We overrule appellant's fourth issue.

### Complainant's Credibility

In his first and second issues, appellant contends that the "complainant's testimony incriminating the appellant was not credible."

#### A. Legal Sufficiency Analysis

■ In his first issue, appellant contends that evidence casts such doubt on the complainant's credibility that her testimony is legally insufficient to support the jury's finding of guilt. In reviewing the evidence for legal sufficiency, we are required to "defer to the jury's credibility and weight determinations." *Marshall*, 210 S.W.3d at 625; *see also Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.

2000). Appellant's assertion that complainant's trial testimony is not credible is irrelevant to a legal sufficiency challenge, which requires that we view the evidence in a light most favorable to the jury's verdict. *See Marshall*, 210 S.W.3d at 625. We hold that the evidence is legally sufficient. We overrule appellant's first issue.

#### B. Factual Sufficiency Analysis

■ In his factual sufficiency challenge in his second issue, appellant challenges complainant's credibility by contending that complainant "was not telling the truth regarding when she first outcried." Appellant points to what he claims is a discrepancy between the testimony by the detective, who said that the assignment to investigate the case was during the same time period as the offense in October 2003, and the testimony by the complainant, who said that she did not tell anyone about the assault until she learned that she was pregnant. Also, according to appellant, other untruths by complainant were that (1) appellant often beat her, a fact disputed by other members of the family who described the violence as "slaps" and "discipline" and (2) appellant caused bruises to complainant that other members of the family claim they never saw.

The record does not support appellant's contentions concerning the detective's testimony. The record shows the following exchange:

> [Attorney]: Back in October of 2003 were you working in the sex crimes division?
>
> [Detective]: Yes, I was.
>
> [Attorney]: All right. And did you during that time or shortly thereafter become involved in a case that involved [complainant] and [appellant]?

By stating generally that she became involved in the case "shortly thereafter" October 2003, the detective does not specify

exactly when complainant reported the offense. Thus, the detective's testimony does not conflict with complainant's testimony. Appellant's other characterization of untruths by complainant is also not supported by the record. Although the witnesses' versions of the violence minimized the conduct by describing it as "slaps" and "discipline," it was agreed by all that appellant often struck complainant with his hand.

The jury was in the position to best evaluate the credibility of the witnesses and we defer to their determinations of credibility. *See Marshall*, 210 S.W.3d at 625. We also note that the DNA evidence showed a 99.9 percent probability that appellant was the biological father of the child. In our neutral review of the evidence, we conclude the evidence is not so weak as to render the verdict wrong or manifestly unjust, nor is the verdict against the great weight of the evidence. We hold the evidence is factually sufficient to uphold the conviction. *Gonzales*, 2 S.W.3d at 415–16. We overrule appellant's second issue.

### Conclusion

We affirm the judgment of the trial court.