**Jim J. JIMINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–0208–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1987.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Leslie Brock, Joan Campbell, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

The jury found appellant guilty of sexual assault, and the court assessed punishment at six years imprisonment. Finding the evidence insufficient to prove the allegations of use and threats of physical force and violence, we reverse.

The indictment alleged that, on or about April 21, 1985, appellant did:

intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against ... the Complainant, cause the penetration of the vagina of the Complainant by placing his finger in the vagina of the Complainant and without the consent of the Complainant.

The indictment thus alleged the second degree felony offense condemned in Tex.Penal Code Ann. sec. 22.011(a)(1)(A) (Vernon Supp.1987). The indictment further relied on sec. 22.011(b)(1) and (2), which provide:

A sexual assault under subsection (a)(1) of this section is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence;

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat....

When considering the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict, in order to determine whether a rational jury could have found all elements of the offense beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App. 1984). The State must prove every element of the offense beyond a reasonable doubt. Tex.Penal Code Ann. sec. 2.01 (Vernon 1974).

As the Court of Criminal Appeals recently wrote in *Stephens v. State,* 717 S.W.2d 338, 339 (Tex.Crim.App.1986):

A trial court's charge explains to the jury under what circumstances and of what

offense it is authorized to convict. The sufficiency of the evidence to support a conviction must therefore be viewed in light of the charge the jury was given.

Except for general instructions, the charge instructed the jury as follows:

Our law provides that a person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the anus or vagina of another person who is not the spouse of the defendant by any means without that person's consent.

A sexual assault is without the consent of the other person if the defendant compels the other person to submit or participate by the use of physical force or violence; or the defendant compels the other person to submit or participate by threatening to use force or violence against the other person and the other person believes the defendant has the present ability to execute the threat.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of this conduct when he is aware that his conduct is reasonably certain to cause that result.

Now if you find from the evidence beyond a reasonable doubt that on or about the 21st day of April 1985, in Harris County Texas, the defendant, Jim J. Jiminez, did then and there unlawfully, intentionally, or knowingly, by the use of physical force or violence or by threatening the present use of force or violence against [the Complainant], not the spouse of defendant, caused the penetration of the vagina of [the Complainant] by placing his finger in the vagina of [the Complainant] and without the

consent of [the Complainant], then you will find the defendant guilty of sexual assault as charged in the indictment.

The evidence reflects that the complainant, a 21–year–old music student at Rice University, went to the campus shortly after midnight on April 21, 1985, to meet her boyfriend. She testified that she had a "shocking" discussion earlier concerning marriage, and that she had consumed ¾ths of a bottle of wine, something she was not accustomed to doing, before going to search for him. When she was not able to find him, she went to the music building to practice. Unable to practice, she entered an adjoining room and went to sleep on the floor.

She described herself as being "three-fourths high and three-fourths asleep" when she first became aware that someone was in the unlighted room with her, and had his hand on her vaginal area outside of her clothing. She stated that her "head" was "not balanced" and that she did not protest then because it was not "pleasant to say anything." As she was becoming aware of her situation, she heard a voice over what she recognized as a Rice University Police radio, and she then realized that her assailant possessed the radio. She became terrified when she realized that her assailant must be a Rice University Police Officer and, therefore, armed with a gun.

She testified that her attacker left the room to respond to the radio transmission and then returned, and continued to enter and leave the room several times, perhaps as many as six, in order to make radio transmissions.

He finally moved her underwear aside and inserted his finger in her vagina continually for approximately five minutes before leaving the room to take another radio call. When he returned and sat next to her, she saw a clumsy apparatus around his waist, which she took to be his police belt. Soon thereafter, he attempted to have intercourse with her.

She then began to cough loudly, in order to make him think that she was awakening. Until then, she had lain still, feigning sleep or unconsciousness. When she coughed,

her attacker quickly arose and ran from the room. She remained on the floor. She testified that he returned and quickly turned the room lights on and off. He shined a flashlight in her closed eyes, in order (she assumed) to see if she was still asleep. She testified that she saw appellant's uniform when he left the room for the last time. She immediately reported the incident to the University Police, and gave a description closely matching appellant, whom she later picked from a photo spread.

Appellant contends that the evidence is insufficient to show that he compelled the complainant to submit by using or threatening to use force or violence. He argues that, at most, the State proved an offense under Penal Code section 22.011(b)(3), a crime for which he cannot be convicted because the indictment did not charge him with such offense and the jury was not authorized by the court's charge to convict him of it.

Sections 22.011(b)(3) and (5) provide that:
A sexual assault under subsection (a)(1) of this section is without the consent of the other person if:

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;

(5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring ...

The State did not allege that appellant committed an offense under either of these sections, and the charge did not authorize appellant's conviction if consent was lacking for these reasons.

■ The undisputed evidence shows that the complainant pretended to be asleep throughout the episode; that there was no communication whatsoever between her and her attacker; and that the attacker fled at the first sign that the complainant was not unconscious or unaware that the assault was occurring. We find no evidence in the record that appellant intentionally or knowingly used or threatened to use force or violence.

■ We recognize that it is natural and reasonable for one who is involuntarily confronted with distasteful options to select the one that is the least distasteful, and we emphasize that the evidence herein is not insufficient because the victim did not resist. A victim is not required to resist, and it may be wise not to do so. Indeed, several statutory definitions of non-consent specifically provide for situations where the victim is unable to resist or unaware of the assault. *See* Secs. 22.011(b)(3), (4), (5), (6), and (7). The fatal defect in this case is not the absence of resistance, but the absence of the threat or use of force or violence.

The cases cited by the State do not allow this case to be affirmed because each involved express threats, the use of weapons, or both. *Brown v. State*, 576 S.W.2d 820 (Tex.Crim.App.1978) (defendant exhibited a gun); *DeVonish v. State*, 500 S.W.2d 800 (Tex.Crim.App.1973) (threats spoken and defendant faked the presence of a gun); *Norvell v. State*, 469 S.W.2d 190 (Tex.Crim. App.1971) (defendant exhibited a knife); *Pumphrey v. State*, 691 S.W.2d 5 (Tex. App.—Beaumont 1984, pet. ref'd) (defendant threatened to strike victim and pulled her into room); *Ellison v. State*, 648 S.W.2d 727 (Tex.App.—Corpus Christi 1983, no pet.) (defendant threatened to suffocate victim).

■ A conviction for sexual assault under this evidence may have been upheld if the prosecution had been brought under sections 22.011(b)(3) or (5), and the indictment had alleged that the appellant *knew* that the victim was unconscious or unaware of the assault. The word "know" is not limited to an actor's awareness of existing facts, but is broader and may include an actor's subjective belief in facts that do not exist or are not true. Thus, if appellant believed that the victim was unconscious or unaware of the assault, then he "knew" those facts, as required by subsections 22.011(b)(3) and (5), even though the "facts" did not exist. This interpretation of the word "know" is supported by common usage and by statutes.

Webster's New Collegiate Dictionary 633 (1981), defines the word "know" as: "to be aware of the truth or factuality of: be convinced or certain of." The dictionary lists as synonyms the words "know," "believe," and "think," stating that they have a "shared meaning element," as follows: "to hold something in one's mind as true or as being what it purports to be." Thus, the word "know" includes not only what is objectively true, but also what is held, in an actor's mind, as true or as being what it purports to be, even though it may not be true and may not be what it purports to be.

This definition of the word "believes" was found in the Controlled Substances Act, Ch. 425, § 1, 1983 Tex.Gen.Laws 2361, 2362, *repealed by* Act of June 3, 1985, Ch. 227, § 1, 1985 Tex.Gen.Laws 1102, 1107.

Believes means, with respect to circumstances surrounding the conduct of an actor, that the actor has formed in his mind the conviction or assurance of the existence of such circumstances, even though such circumstances may not actually exist. Proof that an actor believes in the existence of certain circumstances must include evidence that the actor has received information giving him reasonable cause to believe such circumstances exist and evidence that the actor then takes action or makes a statement indicating his reliance upon such information.

The theft statute, Tex.Penal Code Ann. sec. 31.03(b)(3) (Vernon Supp.1987), also provides that one may be convicted of a crime based on his belief in facts that do not exist. It provides:

Appropriation of property is unlawful if: (3) Property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it is stolen by another.

That the word "know" has been defined by statute as including the element of subjective, inaccurate belief does not mean that a court could not construe it, in the absence of a statute, to include a subjective belief. Penal Code section 1.05 provides that the code will not be strictly construed, and further provides that the code shall be construed according to the fair import of its terms, to promote justice, and to effect the objectives of the code.

We call to the legislature's attention this potential gap in statutory coverage and respectfully suggest that it could be cured by adding the words "or believes" after the word "knows" in sections 22.011(b)(3) and (5).

Appellant's sole point of error is sustained.

The judgment is reversed, and an acquittal is ordered.