Shawn Dion HORNE, Appellant,

v.

The STATE of Texas, State.

No. 2–00–231–CR.

Court of Appeals of Texas, Fort Worth.

April 12, 2001.

Pete Gilfeather, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles Mallin, Asst. Crim. Dist. Atty., and Chief of the Appellate Section, Curtis Jenkins, Timothy Debnarz & Sheila E. Wynn, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Shawn Dion Horne appeals his conviction for sexual assault. In one point, Appellant argues the trial court erred by overruling his motion for an instructed verdict. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 1999, Appellant, along with a few other people, was helping R.W. move into her apartment. Throughout the day Appellant kept making advances towards R.W. By 9:00 p.m., everyone except R.W. and her Aunt Dorothy had left the apartment. R.W. and Dorothy later saw Appellant by the apartment's sliding glass door. Appellant entered the apartment, sat on the sofa, began talking on his cell phone, and fell asleep or passed out on the sofa. At approximately 1:00 a.m., R.W. and Dorothy tried to wake Appellant to tell him to leave, but were unable to do so. R.W. and Dorothy went to sleep.

R.W. awakened with pressure on her back and a finger in her vagina. When R.W. realized that Appellant had his finger in her vagina she repeatedly asked him to stop. R.W. testified that the more she asked Appellant to stop the more aggressive he became. Appellant had R.W. pinned down on the bed under his body. R.W. testified that in addition to having his finger in her vagina, Appellant continuously groped her breasts, kissed her neck and told her that he wanted her. R.W. testified that she continued to plead with Appellant to stop during the fifteen to twenty-five minutes that he was assaulting her, but that he kept her pinned to the bed so that she was unable to move. R.W. testified that Appellant eventually changed positions enabling her hands to be freed so that she was able to push him off of her.

R.W. told Appellant to leave and then reported the assault to the police.

Appellant was arrested and charged with sexual assault. *See* Tex. Penal Code Ann. § 22.011(a)(1) (Vernon Supp.2001). Appellant pled not guilty. Appellant was found guilty and assessed 25 years' confinement by the jury.

## DENIAL OF REQUEST FOR AN INSTRUCTED VERDICT

In his sole point on appeal, Appellant contends that the trial court erred in denying his request for an instructed verdict because there is no evidence to prove the required element of physical force or violence.

### Standard of Review

■ A challenge to the trial court's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support a conviction. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990), *cert. denied,* 499 U.S. 954, 111 S.Ct. 1432, 113 L.Ed.2d 483 (1991). In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim. App.2000); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder. *Williams v. State,* 937 S.W.2d 479, 483 (Tex.Crim.App.1996). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

### The Challenge

■ Appellant was charged by indictment with sexual assault. *See* Tex. Penal Code Ann. § 22.011(a)(1). Sexual assault is without consent if the actor compels the other person to submit or participate by the use of physical force or violence. *Id.* § 22.011(b)(1); *Barnett v. State,* 820 S.W.2d 240, 241 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Hernandez v. State,* 804 S.W.2d 168, 169 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). Appellant's indictment alleged that he had intentionally or knowingly penetrated R.W.'s female sexual organ with his finger, without her consent, and that he compelled her submission or participation by physical force or violence or by threatening to use physical force or violence.

Appellant contends that the evidence presented at trial did not establish that he used physical force in committing the assault. Appellant cites *Jiminez v. State,* 727 S.W.2d 789, 791–92 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd), for his argument that he should have been granted an instructed verdict. In *Jiminez,* the victim had consumed a large amount of alcohol prior to looking for her boyfriend on the Rice University campus. *Id.* at 791. When she was unable to find him, the victim went to the music building and eventually passed out in a darkened room.

*Id.* The victim awoke to find someone touching her in her vaginal area. *Id.* She testified that she did not say or do anything, but feigned being asleep. *Id.* The incident was repeated several times that evening. *Id.* The assailant, a university police officer, would leave and return to the room several times that evening and would touch her with his finger each time he returned to the room. *Jiminez,* 727 S.W.2d at 791. The victim remained silent during each incident, pretending to be asleep and only showed signs of awakening when the assailant attempted to have intercourse with her. *Id.* The court held the evidence insufficient to support Appellant's conviction for sexual assault because of the lack of communication between the victim and the assailant. *Id.* at 792. In that case there was no evidence that Appellant used physical force or violence to force the victim to submit to the assault. *Id.*

However, here, the testimony demonstrated that Appellant had R.W. pinned to her bed so that she was unable to move. R.W. also testified that she continuously pled with Appellant to stop his assault, but that he nonetheless continued to grope her and penetrate her vagina with his finger. Furthermore, once Appellant moved enough for R.W.'s hands to be freed, she pushed him off of her. The evidence supports Appellant's conviction because it showed that he used physical force to pin R.W. down to the mattress while he digitally penetrated her female sexual organ, without her consent. *See Gonzales v. State,* 2 S.W.3d 411, 414 (Tex.App.—San Antonio 1999, no pet.). Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found the essential elements of sexual assault beyond a reasonable doubt. *McDuff,* 939 S.W.2d at 614. We overrule Appellant's sole point.

## CONCLUSION

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.