



## MEMORANDUM OPINION

No. 04-08-00248-CR

Alvaro **ARREDONDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-3020
Honorable Pat Priest, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Rebecca Simmons, Justice

Delivered and Filed:   July 1, 2009

AFFIRMED

Despite his consent defense, Appellant Alvaro Arredondo was convicted by a jury of

sexual assault "by the use of physical force and violence." Alvaro appeals his conviction arguing

that the evidence was legally and factually insufficient to show he acted (1) without consent, and

(2) by using physical force and violence. We affirm the judgment of the trial court.

## BACKGROUND

Alvaro's wife April and Sarah were best friends since high school. At a New Year's Eve party hosted by April and Alvaro in their home, Sarah became intoxicated to the point that she felt sick and vomited. At about 2:00 a.m. on January 1, 2006, Alvaro and another guest helped Sarah up the stairs to April and Alvaro's bedroom. Sarah fell asleep on the bed lying on her right side. At about 4:00 a.m., Sarah awoke as she felt Alvaro, positioned behind her, reach his hand down inside the back of her pants, insert one or more of his fingers into her vagina, and move his fingers back and forth. Shortly thereafter, Alvaro discontinued contact with Sarah when he heard April coming up the stairs. Neither Alvaro nor Sarah spoke from the time Sarah awoke until April entered the room. Sarah later discussed the incident with April, and with April's support, told the police Alvaro had sexual contact with her without her consent. Alvaro was indicted for, and convicted of, sexual assault for penetrating Sarah's sexual organ with his finger without her consent "by the use of physical force and violence."

## SEXUAL ASSAULT

Sexual assault occurs "if the [defendant] . . . intentionally or knowingly . . . causes the penetration of the . . . sexual organ of another person by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.011(a) (Vernon 2003). If "the actor compels the other person to submit or participate by the use of physical force or violence," then the act is without the victim's consent. *Id.* § 22.011(b)(1).

"The facts in each individual case determine[] whether force was used," *Gonzales v. State*, 2 S.W.3d 411, 415 (Tex. App.—San Antonio 1999, no pet.); *accord Brown v. State*, 576 S.W.2d 820, 823 (Tex. Crim. App. 1978), and the fact-finder considers "the totality of the factual circumstances in determining whether [the victim] consent[ed]." *Brown*, 576 S.W.2d at 823.

Notably, the "complainant's testimony alone is sufficient to support" a conviction. *Tinker v. State*, 148 S.W.3d 666, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)) (addressing a legal sufficiency challenge in an adult sexual assault case where the defendant alleged consent); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005). Further, vaginal abrasions and redness can indicate the use of physical force. *Rivera v. State*, No. 03-04-00235-CR, 2005 WL 1240705, at *2 (Tex. App.—Austin May 26, 2005, no pet.) (mem. op., not designated for publication) (noting the sexual assault nurse examiner's opinion "that the type of vaginal redness she observed . . . is usually caused by blunt force trauma and that [the victim's] injuries were consistent with her story of a sexual assault"); *Salinas v. State*, No. 01-98-01242-CR, 2000 WL 567592, at *2 (Tex. App.—Houston [1st Dist.] May 11, 2000, pet. ref'd) (not designated for publication) (including autopsy observations that the victim had "abrasions to her vaginal canal, which indicated the area had been traumatized by something that was placed in her vagina by force"); *see also Peralez v. State*, No. 13-06-376-CR, 2007 WL 2265111, at *1 (Tex. App.—Corpus Christi Aug. 9, 2007, no pet.) (mem. op., not designated for publication); *Diaz v. State*, No. 2-06-053-CR, 2007 WL 1299320, at *3 (Tex. App.—Fort Worth May 3, 2007, pet. ref'd) (mem. op., not designated for publication); *Bannach v. State*, 704 S.W.2d 331, 333 (Tex. App.—Corpus Christi 1985, no writ).

When considering what constitutes physical force and violence, the jury may use those words' ordinary meanings. *See Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (en banc) (citing *Russell v. State,* 665 S.W.2d 771, 780 (Tex. Crim. App. 1983)) ("Words not specially defined by the Legislature are to be understood as ordinary usage allows, and jurors may thus freely read statutory language to have any meaning which is acceptable in common parlance."); *accord Warner v. State*, 257 S.W.3d 243, 245–46 (Tex. Crim. App. 2008).

## LEGAL SUFFICIENCY OF EVIDENCE

In his first point of error, Alvaro asserts the State's evidence was not legally sufficient to show Sarah did not consent to sexual contact or that he used physical force and violence against her.

### A.  Standard of Review

When an appellant challenges the legal sufficiency of the evidence supporting his conviction, we examine "the evidence in the light most favorable to the prosecution" and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Sells v. State*, 121 S.W.3d 748, 753–54 (Tex. Crim. App. 2003) (en banc).  We do not "substitute our judgment for that of the [jury]." *Hardy v. State*, 246 S.W.3d 290, 295 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (en banc)).  "The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc); *accord* TEX. CODE CRIM. PROC. art. 38.04 (Vernon 1979).  Further, we resolve any inconsistencies in witness testimony in favor of the verdict. *Johnson v. State,* 815 S.W.2d 707, 712 (Tex. Crim. App. 1991) (en banc).

### B.  Analysis

Sarah repeatedly testified she never consented to sexual contact with Alvaro. Specifically, the jury heard Sarah testify she told April, the police, and Sexual Assault Nurse Examiner Bruce Parkes that Alvaro acted without her consent.  Sarah also stated that Alvaro was either on top of her, or was leaning over her, during the contact.  Parkes testified about the results

of Sarah's physical examination after her sexual assault. Parkes noted Sarah's vaginal examination showed areas of abrasions marked by redness, and the areas caused pain when touched. *See, e.g.*, *Peralez*, 2007 WL 2265111, at \*1 (stating that vaginal redness indicated a use of physical force). Based on his expertise gained from approximately 225 sexual assault examinations, Parkes testified that Sarah's vaginal abrasions could have been caused by digital penetration "[i]f there was enough pressure put on it." Parkes noted that about 50% of similarly situated sexual assault complainants do not have such abrasions or injuries. Finally, Parkes related how Sarah occasionally cried as she told him how Alvaro assaulted her.

In response, Alvaro's counsel sought to show that Alvaro acted with Sarah's consent. Defense counsel asked Sarah whether, given her intoxicated state, she could be sure that she did not consent. He questioned Sarah about alleged inconsistencies in her direct testimony, her statements to the police, and her statements to Parkes. In reply, Sarah offered her explanations. During closing argument, defense counsel reminded the jury that Parkes testified he could not state with certainty what type of object caused Sarah's vaginal abrasions, and counsel suggested that Sarah's abrasions could have been caused by other means.

After hearing the witness testimony and considering the evidence, the jury found Alvaro acted without Sarah's consent and used physical force or violence when he digitally penetrated her. In considering the totality of the circumstances, the jury could have believed, *inter alia*, Sarah's testimony that she did not consent, April's account of Alvaro's admission that he digitally penetrated Sarah, Sarah's accounts that Alvaro was either on top of her or over her, and Parkes's testimony about Sarah's vaginal abrasions and redness. Based on these facts, the jury could have concluded that Alvaro acted without Sarah's consent and "by the use of physical force and violence." *See, e.g.*, *Rivera*, 2005 WL 1240705, at \*2. We hold, based on our review

of "the evidence in the light most favorable to the prosecution," that a rational jury could find beyond a reasonable doubt that Sarah did not consent to digital penetration and that Alvaro committed sexual assault as charged. *See Jackson*, 443 U.S. at 319; *Sells*, 121 S.W.3d at 753–54.

### FACTUAL SUFFICIENCY OF EVIDENCE

In his second point of error, Alvaro asserts the State's evidence was not factually sufficient to show Sarah did not consent to sexual contact or that he used physical force or violence against her.

### A. Standard of Review

For a factual sufficiency review, we examine the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). We "employ appropriate deference to . . . the fact finder's role as the sole judge of the weight and credibility given to witness testimony," but we do not make inferences in favor of, nor ignore evidence conflicting with, the verdict. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc). In fact, we may "disagree with the fact finder's determination," *id.*, but we may only set aside the judgment if (1) the evidence is "so weak that the jury's verdict seems clearly wrong and manifestly unjust," or (2) the verdict is "against the great weight and preponderance of the evidence." *Watson*, 204 S.W.3d at 414–15 (internal quotation marks omitted).

### B. Analysis

As previously discussed, the jury heard conflicting testimony on consent. Sarah testified Alvaro digitally penetrated her without her consent, April testified about Alvaro's qualified admission, and Parkes testified as to Sarah's injuries and emotional state during the examination. The jury also heard Sarah acknowledge that when Alvaro was digitally penetrating her vagina,

she did not physically resist or audibly instruct Alvaro to stop touching her. However, Sarah testified she did not do so because she was still intoxicated and was scared, shocked, and in disbelief that Alvaro was assaulting her.

The jury also heard conflicting testimony concerning the use of force and violence. Sarah admitted she told April that Alvaro was neither physical nor violent with her, but her physical examination showed she had painful vaginal abrasions and redness. Sarah admitted she had previously reported that she awoke when Alvaro was lying on top of her, but testified she awoke when he was leaning over her and touching her. Parkes testified Sarah had vaginal abrasions and redness consistent with the use of excessive pressure—like a friction burn, but April testified Alvaro told her Sarah willingly participated in the digital penetration.

It was the jury's province to judge witness credibility, weigh the evidence, find facts, and reach a decision on the charge. *See Wesbrook*, 29 S.W.3d at 111. The charge instructed the jury to convict Alvaro of sexual assault by digital penetration only if it found beyond a reasonable doubt Alvaro acted "by the use of physical force or violence." In considering the charge language, the jury was free to use the common meaning of the terms "physical force or violence." *See Vernon*, 841 S.W.2d at 409. The dictionary definition of "force" includes "strength or energy exerted or brought to bear" and "violence" includes "exertion of physical force so as to injure or abuse." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 489, 1396 (11th ed. 2008). Considering the facts to "determine[] whether force was used," *Gonzales*, 2 S.W.3d at 415, the evidence was sufficient for a jury to find that Alvaro used physical force or violence, *see Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (citing *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), *abrogated on other grounds by Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009)). Specifically, the jury could have believed Parkes's

testimony that Sarah had been physically injured, believed April's testimony that Alvaro admitted he digitally penetrated Sarah, and disbelieved Alvaro's assertion that he acted with Sarah's consent. *See id.* The jury could have reasoned that Sarah's red, painful, vaginal abrasions showed Alvaro exerted physical force that injured Sarah. Using the ordinary meanings of the words, the jury could have found Alvaro acted "by the use of physical force or violence," *see, e.g.*, *Rivera*, 2005 WL 1240705, at *2. *But see Jiminez v. State*, 727 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd) (deciding there was no evidence Jiminez used physical force or violence against his intoxicated, "sleeping" female victim because he did not use threats or restraining actions against her, immediately desisted at the first sign she was aware of his actions, and did not physically injure her).

In our review, we defer, appropriately, to the jury's role in judging and weighing the evidence, but we carefully consider the effect of evidence that conflicts with the jury's verdict. *Johnson*, 23 S.W.3d at 7. Regardless of whether we might have reached a different decision, a jury's verdict "is not manifestly unjust solely because [we might] have resolved the conflicting evidence in a different way." *See Lancon*, 253 S.W.3d at 707 (citing *Watson*, 204 S.W.3d at 417). Considering all the evidence in a neutral light and without making inferences in favor of the judgment, we cannot say the evidence is "so weak that the jury's verdict seems clearly wrong and manifestly unjust" or the jury's verdict rules "against the great weight and preponderance of the evidence." *Watson*, 204 S.W.3d at 414–15 (internal quotation marks omitted). Therefore, we hold the evidence was factually sufficient to support the verdict.

## CONCLUSION

Having held the evidence was both legally and factually sufficient to show Alvaro Arredondo acted without Sarah's consent and with the use of physical force and violence, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH