

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00358-CR

PHILLIP FONGANG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-427,716, Honorable John J. "Trey" McClendon, Presiding

September 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Phillip Fongang appeals from his jury conviction of the offense of aggravated sexual assault of a disabled individual and the resulting sentence of twenty-five years of imprisonment. Through five points of error, appellant contends the trial court reversibly erred. We will affirm.

Background

The two counts of aggravated sexual assault of a disabled individual for which appellant was tried included one count alleging penetration of the victim's sexual organ and one alleging penetration of her anus.[1]

The victim, C.S., was then 19 years old and has some "mild mental retardation." She lives with her parents. Appellant testified at trial, telling the jury he and C.S. twice engaged in consensual vaginal intercourse, and that on one of the occasions his penis may have "slipped" into her anus. He also maintained he did not believe C.S. was retarded.

The investigation began when C.S.'s parents observed her behavior after appellant took her home after their second encounter. Her father took her to the hospital after he overheard C.S. describe the events in a telephone conversation with her cousin. Hospital examination revealed appellant's DNA in C.S.'s anus, minor bruising in her private area, and vaginal and anal redness, swelling and tearing.

Among the witnesses at trial was the Sexual Assault Nurse Examiner ("SANE") who examined C.S. During her testimony she noted C.S. had no trouble communicating with her, was able to sign various forms, and exhibited no comprehension problems. The SANE nurse did, however, state C.S. seemed younger than her age and sometimes responded to questions in a "child-like" manner.

C.S. testified she met appellant in September 2009 and they traded phone numbers. They again made contact on a website in April 2010 when appellant sent her

---

[1] Tex. Penal Code Ann. § 22.021 (West 2012).

a message through the site. C.S. responded she was bored and appellant suggested watching a movie and drinking wine. The two continued to communicate by text messages. Appellant picked her up at her house twice following those communications. He took C.S. to his house where she thought they were going to babysit his nieces and nephews. Once there, appellant touched her on her body. She tried to get away from him and was "trying to fight" but she fell and appellant pinned her arms down. Appellant put his penis in her "front" and some "liquid" got on her. Appellant took her home, and C.S. told no one of their sexual encounter. Appellant picked her up again two days later. Despite reservations, she went with him to his home, where he put his penis in both her "front" and her "butt." She tried to push appellant off of her but he said, "Stop or I will hurt you right here and right now." C.S. said appellant threatened to hurt her or her family if she told anyone.

Evidence was admitted concerning several text messages and phone calls between appellant and C.S. on the days of their encounters.

An investigator with Child Protective Services (CPS) testified to a statement appellant made, which included the assertion C.S. was not retarded and was capable of carrying on conversations.

A psychologist testified he first had contact with C.S. when she was ten years old. C.S. had repeated both kindergarten and first grade. He testified she was at or near the lowest percentile for mental ability in several areas. He opined her IQ was 67 and that she required "extra protection" as compared to other individuals. With an IQ under 70, she met the criteria for "mild mental retardation." He further testified it was

3

"highly likely" C.S. would meet the legal definition of "disabled individual" set forth in section 22.04 of the Penal Code.[2] On cross-examination, the psychologist stated he had contact with C.S. when she was 19 but did not administer tests at that time. He said she was capable of sending multiple text messages, as in a conversation, despite her overall mental capability.

Both sides presented punishment evidence. The jury assessed punishment against appellant at twenty-five years of imprisonment. This appeal followed.

Analysis

Appellant presents five points of error, three concerning the charge to the jury and two concerning the sufficiency of the evidence.

As a predicate to our consideration of appellant's points of error, it is necessary to discuss the language of the indictments. The first of the two counts of the indictment alleged that appellant intentionally or knowingly caused the penetration of the sexual organ of C.S., a disabled individual, by his penis, without her consent. The second was identical other than its allegation of penetration of her anus. Neither count specified a manner in which the State alleged appellant's sexual assault of C.S. was without her consent.

---

[2] A "disabled individual" is defined as "a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter or medical care for himself." Tex. Penal Code Ann. § 22.04 (West 2012).

4

In *Geick v. State*, the Court of Criminal Appeals analyzed provisions of the Penal Code concerning theft, sections 31.01 and 31.03.[3] 349 S.W.3d 542, 546 (Tex.Crim.App. 2011). The court there noted the statutes contain three ways in which an appropriation of property may be unlawful, one of which is that "it is without the effective consent of the owner." *Id.* at 546. The court further noted that the statutes list five ways in which consent is not effective. The theft indictment in *Geick* specified one of the five circumstances that make consent ineffective, that of consent induced by deception. *Id.* Considering the effect of that specific statutory allegation on the hypothetically correct jury charge against which the sufficiency of evidence would be judged, the court followed its analysis in *Cada v. State*, 334 S.W.3d 766 (Tex.Crim.App. 2011), to hold that the indictment's narrow allegation that the appropriation was without consent because of deception required the State to prove that specific allegation.[4] The court made clear, however, that absent a "notice-based motion to quash," the State was not required to allege the manner in which consent to appropriation of property was ineffective. *Id.* at 547.

Like the theft statutes, the sexual assault statute lists circumstances under which a sexual assault is without consent. Tex. Penal Code Ann. § 22.011(b) (West 2012).[5]

---

[3] Tex. Penal Code Ann. §§ 31.01; 31.03 (West 2012).

[4] *See Castaneda-Lerma v. State,* No. 04-07-00479-CR, 2008 Tex.App. LEXIS 4629, at *5 (Tex.App.—San Antonio June 25, 2008, pet. ref'd) (mem. op., not designated for publication); *Jiminez v. State,* 727 S.W.2d 789, 792 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd) (both applying same reasoning under sexual assault statute).

[5] Those same circumstances are applicable to aggravated sexual assault. Tex. Penal Code Ann. § 22.021(c) (West 2012). The statute lists eleven ways by which the absence of consent may be proven. Tex. Penal Code Ann. § 22.011(b) (West 2012).

And, although the structures of the sexual assault[6] and theft statutes are not identical, we find guidance in the Court of Criminal Appeals' analysis in *Geick*. Accordingly, we agree with the State that, absent a "notice-based motion to quash," 349 S.W.3d at 547,[7] it was not required to allege in the indictment the specific manner in which appellant's sexual assault of C.S. was without her consent.[8]

As noted, there was evidence appellant exerted physical force against C.S. during both encounters and that he made threats against her and her family. The court's charge made reference to four of the statutory circumstances that make a sexual assault without consent, instructing the jury that sexual assault is without consent if (1) compelled by force or violence; (2) compelled by threat against the victim; (3) the actor knows that as a result of mental disease or defect the other person is then incapable either of appraising the nature of the act or of resisting it; or (4) compelled by threat against another person.[9] The charge also authorized the jury to convict appellant of the lesser-included offense of sexual assault.

---

[6] *See Vick v. State,* 991 S.W.2d 830, 832-34 (Tex.Crim.App. 1999) (structure of aggravated sexual assault statute); *Pizzo v. State,* 235 S.W.3d 711, 717 (Tex.Crim.App. 2007) (discussing *Vick*).

[7] The record reflects no challenge to the indictment.

[8] It might also be said that the circumstances listed in § 22.011(b) merely set forth means by which the State may prove a person's lack of consent to a sexual act, like the definitions of "intoxicated" in Penal Code § 49.01. *See Bagheri v. State*, 119 S.W.3d 755, 762 (Tex.Crim.App. 2003) (so characterizing the definitions of "intoxicated").

[9] Tex. Penal Code Ann. § 22.011(b)(1), (2), (4), (7) (West 2012).

6

With that as background, we turn to appellant's points of error, beginning with the two challenging the sufficiency of the evidence.

Point of Error Four – Evidence of Lack of Consent

By appellant's fourth point, he contends the State's proof he had knowledge of C.S.'s disability was legally insufficient. He argues the State was required to show he was aware of C.S.'s mental condition, and failed to do so, requiring reversal.

In our review of sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 823 S.W.3d 893, 894, 913 (Tex.Crim.App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). A hypothetically correct jury charge "would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Geick,* 349 S.W.3d at 545, *citing Malik,* 953 S.W.2d at 240.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In effect, appellant's fourth point of error challenges the sufficiency of the evidence his penetrations of C.S.'s sexual organ and anus were without her consent. Appellant limits his challenge to the evidence showing he knew that C.S. was incapable of appraising the nature of his sexual assault or of resisting it. It may be understandable that he limits his challenge in that way because, for reasons unclear to us, the court's charge to the jury on lack of consent to aggravated sexual assault also limited the jury's consideration to that one manner of proving lack of consent.[10]

---

[10] In the language of Penal Code § 22.011(b)(4), the court charged the jury, "An aggravated sexual assault is without the consent of another person if the actor knows that as a result of mental disease or defect the other person is at the time of the aggravated assault incapable either of appraising the nature of the act or of resisting it." It was only in the section of the charge concerning the lesser-included offense of sexual assault that the court included compulsion by force or threats to the victim or another person as ways in which the jury could find that the sexual assault was without consent.

The hypothetically correct jury charge against which we must measure the sufficiency of evidence, however, would not have been so limited. *See Geick,* 349 S.W.3d at 545 (statutory language does not require that the State choose and include in the indictment any of the statutory alternatives and thus the hypothetically correct jury charge would not be limited to any one of the statutory alternatives available). Instead, it would have authorized conviction if the jury found the assault was without C.S.'s consent for any of the statutory reasons supported by the evidence.

Considering C.S.'s testimony and that of other witnesses to whom she described the sexual encounters, the jury rationally could have concluded C.S. was compelled to submit to appellant's penetration of her by his use of physical force or by his threats of force. For those reasons, the evidence of her lack of consent was sufficient. We overrule appellant's fourth point of error.

Point of Error Five – Evidence of Disabled Individual

To sustain appellant's conviction for aggravated sexual assault, the State was required to present sufficient evidence C.S. was a disabled individual. In appellant's fifth point of error, he argues the State failed to do so. He points to two cases in which the evidence included victims with a lower IQ and other evidence, such as inability to care for personal hygiene and brain damage. *Graves v. State,* 307 S.W.3d 483 (Tex.App.—Texarkana 2010, pet. ref'd); *Benton v. State,* 237 S.W.3d 400 (Tex.App.— Waco 2007, pet. ref'd). Appellant asserts that the State's proof that C.S. had an IQ of 67 and some ability to care for herself and to work "does not quite meet the evidentiary threshold required by the reported cases."

9

A "disabled individual" is defined as "a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter or medical care for himself." Tex. Penal Code Ann. § 22.04 (West 2012).

The jury heard testimony describing C.S. as mild mentally retarded and as scoring in the lowest percentile on a number of tests, indicating a low level of functioning in some areas. The jury could have taken the psychologist's statement that C.S. required "extra protection" as indicating she is substantially unable to protect herself from harm. And the jury could have credited the psychologist's opinion it was "highly likely" C.S. would meet the definition of disabled individual. Further, the jury had opportunity to observe C.S. during her day-long testimony and evaluate her capabilities. The record reflects her demeanor on the stand was that of a person much younger than her 21 years. The SANE nurse also told the jury C.S. acted younger than her years, responding to questions in a "child-like" manner, and that getting information from C.S. was "difficult."

C.S. testified she receives social security disability benefits and that she attended modified classes while in high school. She did not have a driver's license. C.S.'s father testified her parents would care for C.S. for the rest of their lives and the jury reasonably could have inferred from his testimony that C.S. was, at least in her parents' opinion, substantially unable to provide her own food, shelter or medical care. The jury was not required to view C.S.'s ability to engage in text-messaging and similar communications as contrary to the definition of a disabled individual. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793 (appellate court presumes fact finder resolved conflicting inferences in

favor of its verdict and defers to that resolution). Moreover, the jury was privileged to listen to the testimony and choose to believe some, all or none of the testimony of a particular witness. *Bottenfield v. State*, 77 S.W.3d 349, 355 (Tex.App.—Fort Worth 2002, pet. ref'd). Viewed in the light most favorable to the verdict, we find the evidence C.S. was a disabled individual to be sufficient, and resolve appellant's fifth point of error against him.

Point of Error One – Mistake of Fact Instruction

We turn to appellant's first three points of error, asserting errors in the jury charge.

First, appellant complains of the omission of a mistake of fact jury instruction. Appellant did not request an instruction on mistake of fact at trial nor did he object to its omission. Because the decision to assert a defense like mistake of fact is one of trial strategy, the trial court does not have a duty, *sua sponte*, to instruct the jury concerning it. *Vega v. State,* 394 S.W.3d 514, 519 (Tex.Crim.App. 2013); *Posey v. State,* 966 S.W.2d 57, 63 (Tex.Crim.App. 1998). *See also Acosta v. State,* No. 01-12-00151-CR, 2013 Tex.App. LEXIS 10314 (Tex.App.—Houston [1st Dist.] Aug. 15, 2013, no pet.) (not yet released for publication). Nor may a defendant complain for the first time on appeal of the omission of such an instruction not requested at trial. *Vega*, 394 S.W.3d at 519. Accordingly, appellant's first point of error presents nothing for our review, and is overruled.

Points of Error Two and Three – Instructions on Lack of Consent

In appellant's second and third points of error, he complains of the trial court's instructions authorizing the jury to consider physical force and threats as means of proving lack of consent, in addition to the manner set forth in § 22.011(b)(4), requiring proof of his knowledge of C.S.'s incapacity. In his second point, appellant asserts that inclusion of these additional means of proof of lack of consent allowed the jury to convict him of "uncharged offenses." And in his third point, he contends their inclusion deprived him of a unanimous jury verdict.

We already have noted our agreement with the State that it was not required to allege in the indictments the specific circumstances that would demonstrate C.S. did not consent to appellant's penetration of her. *See Geick*, 349 S.W.3d at 547. As appellant was indicted, the elements of the offense of aggravated sexual assault included proof his penetration of C.S. was without her consent, but did not include the means of demonstrating the lack of consent. *See id.* It follows that proof C.S. did not consent because she was compelled to submit by use of physical force does not establish a different offense from proof she did not consent because appellant knew she was incapable of appraising the nature of the act or of resisting it because of mental disease or defect. We overrule appellant's point of error two.

For the same reason, we find jury unanimity is not at issue here. It was not necessary that the jury reach a unanimous decision with regard to the way in which the State proved the acts committed against C.S. were without her consent. Jury unanimity is not violated when the jury has the option of choosing between alternative modes of

commission of the charged offense. *Jefferson v. State,* 189 S.W.3d 305, 311 (Tex.Crim.App. 2006); *see Young v. State,* 341 S.W.3d 417, 422-24 (Tex.Crim.App. 2011); *Pizzo,* 235 S.W.3d at 714-15 (both describing unanimity analysis). We overrule appellant's third point of error.

## Conclusion

Having resolved each of appellant's points of error against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.