**Affirmed and Opinion Filed November 18, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00970-CR**

**TIMOTHY BLON HOPKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 22-00533-86-F**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

Following a jury trial, Timothy Blon Hopkins appeals his conviction for sexual assault. In two issues, he challenges the legal sufficiency of the evidence to prove lack of consent and contends the punishment charge failed to properly instruct the jury on his eligibility for parole. We affirm the conviction.

### Background

Appellant was charged with intentionally and knowingly causing the penetration of the sexual organ of Diane (a pseudonym) with his sexual organ, without Diane's consent. TEX. PENAL CODE ANN. § 22.011(a)(1)(A). Sexual assault is generally a second-degree felony, but is a first-degree felony if it involves certain

prohibited sexual conduct, such as engaging in sexual intercourse with the actor's current or former stepchild. *See id.* §§ 22.011(f); 25.02(a)(2). Here, the indictment alleged appellant intentionally and knowingly engaged in sexual intercourse with Diane, a person he knew to be his stepchild.

Diane first met appellant when she was a young child. Her mother later married him. At the time of the offense, Diane was age 17 and lived with her mother, appellant, and three siblings. On the night of April 3, 2020, Diane was playing cards and drinking alcohol with appellant and other family members. When it was time for bed, Diane went to her bedroom. She was in bed with the light on when appellant came in and shut the door behind him. Appellant told Diane she was beautiful. He then started kissing her and got into her bed. Appellant took off Diane's shirt and kissed and grabbed her breasts. She was "telling him to stop," but he did not stop. He took off her underwear, licked her vagina, and penetrated her vagina with his penis. After some time passed, appellant stopped because Diane was crying. He told her he was sorry, that he did not know why he did it, and that it would not happen again.

The jury found appellant guilty of sexual assault as charged in the indictment and found he engaged in prohibited sexual conduct by intentionally and knowingly engaging in sexual intercourse with a person he knew to be his stepchild. The range of punishment was 5 to 99 years or life. TEX. PENAL CODE ANN. § 12.32(a). The

jury assessed appellant's punishment at confinement for 28 years. This appeal followed. The State did not file a brief.

### Sufficiency of the Evidence

We first address appellant's second issue, in which he contends the evidence is legally insufficient to support his conviction. He does not dispute that he had sexual intercourse with his stepchild Diane. He argues the evidence is insufficient to prove lack of consent because it does not show he used force, violence, or coercion.

The penal code lists various circumstances in which a sexual assault is without consent. TEX. PENAL CODE ANN. § 22.011(b). As is relevant to this case, a sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force, violence, or coercion. *Id.* § 22.011(b)(1). The terms "force" and "violence" are synonymous when used in relation to sexual assault. *Wisdom v. State*, 708 S.W.2d 840, 843 n.3 (Tex. Crim. App. 1986). There is no requirement that a certain amount of force be used, only that it be used. *See* TEX. PENAL CODE ANN. § 22.011(b)(1); *Carbajal v. State*, 659 S.W.3d 164, 180 (Tex. App.—El Paso 2022, pet. ref'd). Sexual assault is defined by the actor's compulsion, not by the victim's resistance. *Carbajal*, 659 S.W.3d at 180.

In a case such as this involving a victim 17 years of age or younger, a sexual assault conviction is supportable on the uncorroborated testimony of the victim. TEX. CODE CRIM. PROC. ANN. art. 38.07; *see Carbajal*, 659 S.W.3d at 180. Evidence

–3–

is legally sufficient if any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Delarosa v. State*, 677 S.W.3d 668, 674 (Tex. Crim. App. 2023).

Here, Diane's testimony was that when appellant climbed into her bed, took off her shirt, and touched her breasts, she told him to stop. He ignored her protestation and continued to undress her and put his penis inside her. A rational jury could have determined appellant compelled Diane to submit to sexual intercourse through the use of physical force and violence.

Appellant compares his case to *Jiminez v. State*, 727 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd), in which the defendant was acquitted of sexual assault. *Jiminez* is not binding on this Court and is factually and procedurally distinguishable. The complainant in that case was a college student who fell asleep in a building on campus after drinking alcohol. While in a state she described as "three-fourths high and three-fourths asleep," she became aware that someone was in the room with her and had placed his hand on her vaginal area. *Id.* at 791. She did not protest his actions, and when she realized he was a university police officer armed with a gun, she pretended to be asleep or unconscious. *Id.* The defendant inserted his finger into her vagina. *Id.* The complainant coughed loudly to make the defendant think she was waking up, and he fled. *Id.* at 791–92. There was no communication between the complainant and her attacker during the incident. *Id.* at 792.

At the time, the sufficiency of the evidence was measured by the jury charge actually given, not against a hypothetically correct jury charge as it is now. *See Malik v. State*, 953 S.W.2d 234, 239–40 (Tex. 1997). The *Jiminez* jury was instructed that a sexual assault is without consent if the defendant compels the other person to submit or participate by the use or the threat of physical force or violence. *Jiminez*, 727 S.W.2d at 791. The charge did not instruct the jury that a sexual assault is also without consent when the other person has not consented and the actor knows she is unconscious or physically unable to resist or knows she is unaware the sexual assault is occurring. *Id.* at 792; *see* TEX. PEN. CODE ANN. § 22.011(b)(3) & (5). Because the court of appeals concluded there was no evidence the defendant intentionally or knowingly used or threatened to use force or violence—the only theories of lack of consent in the charge, the court reversed the conviction. *Jiminez*, 727 S.W.2d at 792–93. In this case, there was communication between Diane and appellant during the incident. She told him to stop his sexual actions, but he ignored her and continued to force himself on her. The evidence is legally sufficient to support appellant's conviction for sexual assault. We overrule appellant's second issue.

## Jury-Charge Error

In his first issue, appellant argues the jury charge on punishment contained an erroneous instruction on the law of parole eligibility. He asserts the jury should have been instructed as set out in § 4(a) of article 37.07 of the code of criminal procedure

–5–

instead of as set out in § 4(b). Appellant did not object to the instruction and now contends the error caused him egregious harm. We agree the instruction was erroneous, but conclude appellant was not egregiously harmed.

The punishment charge included the instruction found in article 37.07, § 4(b), which states in part:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned equals *one-fourth* of the sentence imposed or 15 years, whichever is less.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(b) (emphasis added). Because appellant was found guilty of sexual assault, an offense listed in article 42A.054(a) of the code of criminal procedure, the charge should have instead included the instruction found in article 37.07, § 4(a):

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals *one-half* of the sentence imposed or 30 years, whichever is less. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole.

*Id.* art. 37.07, § 4(a) (emphasis added); *see id.* art. 42A.054(a)(8). Thus, the jury was erroneously instructed that appellant would not become eligible for parole until the actual time served, plus good conduct time, equaled one-fourth of the sentence imposed. It should have been instructed that appellant would not become eligible for parole until the actual time served, without considering good conduct time,

equaled one-half of the sentence imposed. *See Igo v. State*, 210 S.W.3d 645, 646 (Tex. Crim. App. 2006).

All alleged jury-charge error must be considered on appellate review regardless of whether it was preserved in the trial court. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If there was no objection to an erroneous charge, we decide whether the appellant was egregiously harmed by the charge. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). We assess harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id*. An erroneous jury charge is egregiously harmful if it affects the very basis of the case, deprives the accused of a valuable right, or vitally affects a defensive theory. *Id*. A finding of egregious harm must be based on actual harm rather than theoretical harm. *Id*. Egregious harm is a difficult standard to meet, and the analysis is a fact-specific one. *Id*.

Other courts confronted with an identical error have determined it did not cause egregious harm. *See Igo*, 210 S.W.3d at 647–48; *Hogan v. State*, 440 S.W.3d 211, 217–18 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Stewart v. State*, 293 S.W.3d 853, 862 (Tex. App.—Texarkana 2009, pet. ref'd). After considering and weighing the relevant factors in this case, we conclude the erroneous instruction regarding the parole law did not cause egregious harm to appellant. Looking at the

punishment charge as a whole, the jury was instructed that it was "not to consider the manner in which the parole law may be applied to this particular defendant." This curative language mitigates against a finding of egregious harm. *Igo*, 210 S.W.3d at 647. Absent evidence to the contrary, we presume the jury followed the charge and did not consider the manner in which parole might affect appellant's incarceration. *See Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012).

Next, we consider the state of the evidence. Under this factor, we determine whether the evidence made it more or less likely that the charge error caused appellant actual harm. *Arrington v. State*, 451 S.W.3d 834, 841 (Tex. Crim. App. 2015). Evidence showed appellant sexually assaulted Diane once before when she was 13. Diane told her mom about it, but later recanted because appellant was the breadwinner for their family. During the punishment phase, appellant stipulated he had prior convictions for burglary of a habitation, robbery, and aggravated robbery. The jury heard from the victim of the aggravated robbery, who testified about appellant's lack of remorse. We conclude the state of the evidence does not support a determination of egregious harm.

Third, we consider whether any arguments made by the parties or the trial judge exacerbated or ameliorated the charge error. *Patterson v. State*, No. 05-21-01024-CR, 2024 WL 861388, at *12 (Tex. App.—Dallas Feb. 29, 2024, pet. ref'd) (mem. op., not designated for publication). During closing arguments at punishment, defense counsel asked the jury to sentence appellant on the low end of

the punishment range.  The prosecutor asked for life in prison.  There was no mention of parole.  This factor weighs against finding egregious harm.

Last, we consider any other relevant information, such as whether the jury sent requests for clarification during deliberations.  *Taylor v. State*, No. 05-20-00017-CR, 2022 WL 17335689, at *13 (Tex. App.—Dallas Nov. 20, 2022, pet. ref'd) (mem. op., not designated for publication).  During deliberations, the jury asked the trial judge for "some direction on common or typical sentences for certain categories of crimes."  It wanted "a frame of reference to make an appropriate judgment."  Although appellant argues otherwise, this note does not indicate the jury needed clarification about the parole law.  Given the curative instruction, the strength of the punishment evidence, and the lack of any jury argument about parole, appellant has not shown egregious harm.   We overrule appellant's first issue.

We affirm the trial court's judgment.

/Amanda L. Reichek//
AMANDA L. REICHEK
JUSTICE

230970f.u05
Do Not Publish.
TEX. R. APP. P. 47.2(b).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TIMOTHY BLON HOPKINS, Appellant

No. 05-23-00970-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 22-00533-86-F.

Opinion delivered by Justice Reichek. Justices Nowell and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of November, 2024.